Statement of the Case.
NICHOLLS, J.
The present is a petitory action, in which the plaintiffs sue as the heirs of Antoine Plantvignes, Jr., from whom they allege they inherited the property claimed.
It is described in their petition as:
“A certain tract of land situated in the parish of Pointe Coupee, state of Louisiana, being several acres in width or front by a depth of 40 acres more or less, situated in that portion of Pointe Coupee parish, commonly called ‘Racourci,’ one of the districts of the parish bounded on one side by land formerly belonging to W. H. Poole and now to E. A. Fisher, and on the other by land formerly belonging to Widow *653 E. A. Brown and now to A. J. Leeour, formerly fronting Old river, said land being worth $3,000.”
They allege that Antoine Plantvignes, Jr., acquired the property from Dr. Auguste Provosty, by act passed before Peter Dermenon, ex officio notary public in and for the parish of Pointe Coupee, state of Louisiana, on the 27th of September, 1825, which act is Recorded in the conveyance office of the parish; that the defendant, Edward E. Kornbacher, is in the actual, physical possession of the property without any title whatever thereto, and without any right to retain the same, and he refused to deliver to them the property without any good or legal cause.
Defendant answered. After pleading the general issue he admitted: That he was in the possession of property which he described as:
“A certain tract of land situated in Pointe Coupee parish, being batture land situated in Racourci, in township 3 south, range 9 east, fronting the batture forming part of the Old Hickory Plantation, bounded on the one side by the batture belonging to A. J. Lacour, on the other by that of Edward Forrest, formerly belonging to AY. H. Poole, and in the rear by that belonging to Estate of Mrs. P. Robinson.”
That he is the real and actual owner of that property, having acquired the same by purchase from A. J. Lacour by act recorded in the conveyance records of the parish. He prayed that plaintiff’s suit be dismissed.
The district court rendered judgment in favor of the plaintiffs and against the defendant, recognizing and decreeing them to be the owners of the property described in their petition, and ordering them to be placed in possession thereof.
Defendant appealed.
Opinion.
The land of which the plaintiff claims ownership is described as a tract of land situated in the parish of Pointe Coupee, state of Louisiana, having 7 acres in width or front by a depth of 40 acres, more or less, situated in that portion of Pointe Coupee parish commonly called “Racourci,” one of the districts of that parish, bounded on one side by land formerly belonging to AY. H. Poole and now to E. A. Fisher and on the other by land formerly belonging to AYidow H. Brown and now to A. J. Lacour, formerly fronting Old river, said land being worth the sum of $3,000.
It will be noticed that there is no statement in the petition that that property extends beyond the limits or boundaries declared, and that the property as so described is declared to be worth $3,000.
The allegation made in the petition in regard to the defendant is that he is in the actual physical possession of said property, without any title whatever thereto and without any right to retain said property, and that he refused to deliver possession of said property without any good or legal cause for such refusal. The prayer of the petition is that defendant be cited, and that there be judgment recognizing petitioners as the true and lawful owners of said property, and as entitled to the full and undisturbed possession of said property. The district court, in its judgment of appeal, declared that, by reason of the law and the evidence being in favor of the plaintiff, there be judgment in favor of the plaintiffs against the defendant.
The judgment exactly followed the description of the property as given in the petition, decreed plaintiffs to be the owners of said property, and ordered and decreed that plaintiff be placed in possession thereof as owners.
On the trial it developed that the plaintiff claimed that the property which they had minutely described in their petition extended beyond the, limits mentioned in the petition and included batture property, outside of the described limits, and that the property of which they claimed defendant to be in posses *655 sion was a portion of .this hatture property without the limits described.
Defendant objected to any evidence adduced by the plaintiff to establish ownership in any land outside of the limits described in the petition, on the ground that it was evidence not warranted or authorized to be given under plaintiff’s allegations; that he was not called into court to defend as against a claim made by the plaintiff to any property beyond the limits claimed. Plaintiff contended that the land in front of the limits assigned was part and parcel by accretion of the land as described in the petition, that it merged into and was included in the original tract, and that a description of the original tract carried with it no necessity for a reference to the fact of accretion in the petition. The court allowed the testimony to be introduced in support of plaintiff’s title to the land beyond the limits, and defendant reserved a bill and subsequently moved 'to strike out all the evidence which had been so introduced, which motion was overruled.
Defendant had answered plaintiff’s petition by a general denial. He admitted that he was in possession of certain property which he acquired on the 7th of January, 1904, from A. J. Lacour, in township 35 S., range 9 E., fronting the batture forming part of the Old Hickory Plantation, bounded on one side by the batture belonging to A. J. Lacour, on the other side by that of Edward Forrest, formerly belonging to W. H. Poole, and in the rear by that belonging to the estate of Mrs. P. Robinson. The plaintiffs did not either in their pleadings, their evidence, or by affidavit, place a value on the batture property of which defendant admitted he was in possession, and which he averred he had purchased from Lacour. Defendant himself affixed no value to that property, either by affidavit, or in his pleadings or evidence, and the only evidence on the subject which we have is that which we can draw from the sale made to him by Lacour and from the sale by Lacour’s vendor to' him.
That property was sold by Lacour to defendant for $10, but it was sold subject to a sale of the cottonwood timber on said land made by the vendor to the Southern & Innis Company Limited, and giving the term of three years, commencing January 1, 1904, to the said company to remove the said cottonwood timber from said tract of land, and that said cottonwood timber is not included in the sale.
It is manifest that the value of the tract in question, whatever it was, was due almost exclusively to the timber. Lacour himself bought on July 19, 1903, the tract with the timber from the wife of the defendant for $S00. The “matter in dispute” between the parties, as matters have shaped themselves in point of fact, is the ownership of this particular portion of land. The defendant has been cast in the suit and has appealed. The first question we meet is whether, by reason of the amount involved, the “matter in dispute” is such as to bring this appeal within our appellate jurisdiction.
The first question in that connection is whether plaintiff was entitled to adduce the evidence he was permitted under the pleadings to adduce by the district court. Defendant contested the right of the plaintiffs to change the character of the action as fixed by their pleadings and prayer from a petitory action, in which the property sought to be recovered was that specifically described and which was alleged to be worth $3,000, into a petitory action in which the property claimed would be that which was in the possession of the defendant. Defendant insists that he was called into court as a defendant by plaintiff in a petitory action in which the property of which the plaintiff sought to have the court decree them the owners was that specifically described; that in that suit under his own pleadings and under those of the *657 plaintiffs and under their' prayer, he was entitled to limit the issue to he passed on by the court to whether he was in possession of that particular property or not; that, if he was not, then he was entitled to be dismissed from the suit at plaintiff’s costs, as he would have been needlessly and without any motive brought by plaintiff into court. We are of opinion that, as matters stand, we must deal with the action as a petitory action brought by plaintiff for the recovery of the property specially described, and to which the plaintiff has affixed a value of $3,000, that, viewed from that standpoint, defendant is entitled to an appeal, and that on that appeal the only question which we are called upon to decide is whether the defendant is (as plaintiff alleges him to be) in possession of that property. If he be not, defendant is entitled to a judgment in his favor dismissing plaintiff’s demand as of nonsuit. We are satisfied that defendant is not in possession of the property as described in plaintiff’s petition. We do not think that that fact is, or can be, seriously disputed.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that plaintiff’s demand suit be dismissed as of nonsuit, with costs in both courts.